UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LORA B. MARRERO, <br>     Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br>     Defendant. | Case No. 1:18-cv-198 <br><br> Judge Timothy S. Black <br><br> Magistrate Judge Karen L. Litkovitz |

DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 19)
AND TERMINATING THIS CASE IN THIS COURT

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on June 19, 2019, submitted a Report and Recommendation ("R&R"), recommending that the non-disability finding by the Administrative Law Judge ("ALJ") be affirmed. (Doc. 19). Plaintiff filed objections (Doc. 22) and the Commissioner filed a response in support of the R&R (Doc. 24).

Having conducted a *de novo* review, the Court finds that Plaintiff's objections are not well-taken.[1]

---

[1] Plaintiff's objections to the R&R largely reassert the errors previously identified with regard to the ALJ's decision. "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Regardless, this Court will conduct a *de novo* review and give full consideration to the objections raised.

Plaintiff argues that the Magistrate Judge failed to adequately consider evidence of Plaintiff's disability and, instead, relied upon information dating prior to Plaintiff's alleged onset date. As an initial matter, the Court disagrees and notes that the Magistrate Judge's citation to records from earlier appointments does not undermine the thorough and appropriate consideration given to the entirety of Plaintiff's medical history, beginning from the date of alleged disability (November 2014). Moreover, the Court's own independent review of the record, beginning from November 2014 onward, evidences ample support for the ALJ's non-disability determination. In comparison, the instances Plaintiff references in her objections, as well as other similar evidence in the record, is sparse and often offset by context (*e.g.*, situational triggers or changes in medication).[2]

Plaintiff further argues that the Magistrate Judge, like the ALJ, relied solely on evidence of Plaintiff's "good days" to affirm a non-disability finding, while failing to consider that "the objective record proves that Plaintiff had as many bad days as good…." (Doc. 22 at 3). Again, the Court disagrees. As previously noted, this Court's independent review of the record indicates substantial evidence in support of the ALJ's non-disability determination. Plaintiff's daily activities, as well as her responsiveness

---

[2] The Court's review includes Plaintiff's newly-provided citation to information in the voluminous record, which information the Magistrate Judge was unable to consider given Plaintiff's failure to include said citation in the Statement of Errors. The Court further notes that, even in the context of the objections, Plaintiff's citations required considerable time to locate, as they reference the variable page numbers rather than the continuous PageID or bates numbering (*i.e.*, Plaintiff's citation to Tr. 330 is in fact Tr. 587, PageID # 621). To be clear, the Court's observations in this regard do not influence its consideration of Plaintiff's case, but serve only as clarification for the record and are intended to be responsive to Plaintiff's objection. (*See* Doc. 22 at 2).

and progress with medication and therapy, are thoroughly documented in the medical records. And while the record also evidences Plaintiff's psychiatric diagnosis (which was considered by the ALJ and the Magistrate Judge), there is limited objective evidence to corroborate the severity of the resulting symptoms and impairment as Plaintiff alleges. Moreover, while there are consistent notes regarding Plaintiff's difficulties with coping and communication skills, there is no reference to these difficulties causing the severe impairment that Plaintiff asserts.

In short, Plaintiff's continuing assertions that the record is replete with substantial evidence of her disability and that the ALJ failed to consider said evidence, is simply not borne by the record.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this case. Upon consideration of the foregoing, the Court finds that the Report and Recommendation should be and is hereby adopted in its entirety. Accordingly:

1. The Report and Recommendation (Doc. 19) is **ADOPTED**;

2. The Commissioner's decision is **AFFIRMED**, as the decision is supported by substantial evidence; and

3. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 9/3/2019                                              *s/ Timothy S. Black*
                                                            Timothy S. Black
                                                            United States District Judge